UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW HAMPSHIRE

In re:

Jacques Dimitri Elias,
         Debtor

Bk. No. 03-13306-JMD
Chapter 13

**ORDER**

On June 24, 2005, the Court granted Wachovia Bank, NA ("Wachovia") relief by affidavit pursuant to Local Bankruptcy Rule 9071-1(a) (Doc. No. 111) (the "Order"). The Order was entered pursuant to the terms of the Court's order of July 23, 2004 (the "Adequate Protection Order") which denied Wachovia relief from the automatic stay and ordered the Debtor to make a series of adequate protection payments to cure postpetition defaults in the mortgage loan on his residence. On August 11, 2005, after notice and a hearing, the Court denied the Debtor's Motion to Reconsider the Order (the "Reconsideration Denial Order") (Doc. No. 124). On August 22, 2005, Debtor filed a timely Notice of Appeal (Doc. No. 128) and an election to have the appeal heard by the district court (Doc. No. 129). The Debtor also filed a Motion To Stay Judgment Pending Appeal (Doc. No. 130) (the "Stay Motion").

In the first instance, a motion for a stay pending appeal must be filed with this Court. Fed. R. Bankr. P. 8005. The standard for evaluating a stay pending appeal is the same as that used in evaluating a request for preliminary injunction. See Alfaro v. Vasquez (In re Alfaro), 221 B.R. 927, 930 (B.A.P. 1st Cir. 1998) (citing Sunshine Dev., Inc. v. Fed. Deposit Ins. Corp., 33 F.3d 106, 110-11 (1st Cir. 1994)). This Court must take into account: (1) Debtor's likelihood of success on the merits of the appeal, (2) the potential for irreparable harm to Debtor if the stay

is not granted, (3) whether the harm to the moving party if the stay is not granted is greater than the injury to the opposing party if the stay is granted, and (4) whether the public interest would not be adversely affected by the issuance of the stay.  See id.; In re Handel, 242 B.R. 789, 791 (Bankr. D. Mass. 1999).  A court should only grant a stay pending appeal if each of the four elements is present to some degree.  See Handel, 242 B.R. at 792.

### A.   Likelihood of Success

In his Stay Motion, Debtor bases his likelihood of success argument on his assertion that he was in substantial compliance with the Adequate Protection Order regarding payments to Wachovia and because Wachovia's affidavit of non-compliance was wrong in several respects.  As detailed in the Reconsideration Denial Order, the evidence presented to the Court by the Debtor at the hearing on his request for reconsideration shows that the payments made by him under the provisions of the Adequate protection Order were, in the aggregate, less than what he was ordered to pay and, despite the provisions of the Adequate Protection Order stating that time was of the essence in making such payments, were frequently late.  Accordingly, for the reasons set forth in the Reconsideration Denial Order, the Court does not find that the Debtor has a likelihood of success on this issue.

### B.   Irreparable Harm

Debtor claims he would be irreparably harmed if the Wachovia were to exercise its rights to realize its security interest in Debtor's homestead because he and his family would stand to lose their home.  If the Debtor were to be successful on appeal, a foreclosure sale of the Debtor's home during the appeal could not be undone.  Therefore, the Court finds the Debtor would suffer irreparable harm from the loss of his home absent a stay.

### C. Balancing the Equities

Debtor contends the Wachovia will not be harmed by a stay pending appeal because the payment of adequate protection as a bond or otherwise would protect Wachovia from any prejudice pending appeal. The Debtor is correct that adequate protection payments or a bond would serve to balance the equities and protect Wachovia's interests during any stay. However, the Debtor's argument ignores the fact that the Order the Debtor is appealing was entered precisely because the Debtor was unable over a term of eleven months to make timely payments under the terms of the Adequate protection Order. Accordingly, the Debtor's has not established that the harm to Wachovia can be eliminated through adequate protection payments.

### D. Public Interest

Debtor contends that Wachovia is not likely to suffer any material prejudice because he is willing to continue making adequate protection payments or post a bond for adequate protection. While the prejudice to Wachovia from the issuance of a stay is outweighed by the prejudice that could result to the Debtor from the loss of his residence prior to a successful resolution of his appeal, the Debtor's demonstrated inability to make timely adequate protection payments over a period of time renders his contention that the interests of Wachovia can be protected by the Debtor's ability to continue making adequate protection payments unpersuasive. Accordingly, the Court finds the public interest would be harmed by a stay pending appeal.

### E. Conclusion

For the reasons set forth above, Debtor has established only one of the four grounds for a stay pending appeal, and has failed on the most significant ground, likelihood of success on appeal. However, because the risk of irrevocable harm to the Debtor from the loss of his home

is substantial, and the risk of prejudice to Wachovia, in the short run, is minimal, it is hereby

ORDERED:

    1.    The Stay Motion is DENIED.

    2.    A temporary stay of the Order is GRANTED to permit the Debtor to seek a stay pending appeal from the district court.

    3.    The temporary stay shall terminate at 5:00 p.m. on September 15, 2005. If the Debtor requests a stay pending appeal prior to 5:00 p.m. on September 15, 2005, the temporary stay shall expire upon entry of an order by the district court on any such request.

ENTERED at Manchester, New Hampshire.

Dated: September 2, 2005        /s/ J. Michael Deasy
                                                    J. Michael Deasy
                                                    Bankruptcy Judge